

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

New Case Electronically Filed:
August 8, 2017 09:46

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 1139946

ARTHONIA FINCH                                    CV 17 884190

   vs.
                                         Judge: PAMELA A. BARKER
CUYAHOGA COUNTY AGRICULTURAL SOCIETY

Pages Filed: 8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ARTHONIA FINCH<br>6581 Christene Blvd.,<br>Brook Park, OH 44142 | )<br>)<br>) | Civil Action No. _____ |
| | ) | Judge _____ |
| Plaintiff, | )<br>) | |
| | )<br>) | |
| v. | )<br>) | |
| THE CUYAHOGA COUNTY<br>AGRICULTURAL SOCIETY<br>19201 East Bagley Road,<br>Middleburg Heights, OH 44142 | )<br>)<br>)<br>) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | **ENDORSED HEREON** |

## COMPLAINT

Plaintiff Arthonia Finch ("Plaintiff") alleges as follows for his Complaint against The Cuyahoga County Agricultural Society ("Defendant"):

1. Plaintiff resides in Cuyahoga County, Ohio.

2. Defendant is an Ohio corporation doing business in Cuyahoga County, Ohio.

3. Defendant employs four or more employees.

4. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

5. Venue is proper in Cuyahoga County, Ohio.

6. Plaintiff has suffered damages in excess of $50,000.

7. Plaintiff began work as a full time employee for Defendant on or about August 1, 2011.

8. Plaintiff worked for Defendant in its maintenance department.

9. Plaintiff was responsible for the general maintenance of the fairgrounds and buildings.

10. Plaintiff is African American.

11. On multiple occasions, Plaintiff's supervisor, Sean McHugh ("McHugh"), referred to Finch as "soul brother" and "brother," apparent references to Plaintiff's race.

12. Plaintiff never heard McHugh refer to any other employees by the terms "brother" or "soul brother."

13. Plaintiff believes that these terms were used because of Plaintiff's race.

14. Regarding McHugh's comments, Plaintiff told the Manager, Robert Cartmell ("Cartmell"), that he did not appreciate being called "brother" or "soul brother," and that "the last time [he] checked, [he] only had two brothers and they both live in Georgia."

15. Throughout his employment with Defendant, Plaintiff consistently received extremely positive reviews regarding both his work ethic and work performance.

16. Defendant terminated Plaintiff's employment on or about April 15, 2016.

17. Shortly before his termination, Plaintiff had complained about McHugh calling him "soul brother."

18. The week prior to Plaintiff's employment, Plaintiff called off of work.

19. When Plaintiff called off of work the week prior to his termination, Plaintiff talked to his manager, Cartmell.

20. Plaintiff told Cartmell that he would like the day off so that he could work a separate job for that day where he would earn significantly more money.

21. Cartmell had previously told Plaintiff that if he ever had opportunities to earn more money at side jobs then Plaintiff should take those opportunities, and that Cartmell would approve his time off for Plaintiff to work those side jobs.

22. Cartmell approved Plaintiff's call off and told Plaintiff that he would see him on Monday.

23. When Plaintiff reported for work on or about Monday, April 15, 2016, Defendant told Plaintiff that he was terminated, despite Cartmell's approval of Plaintiff working that job and taking a day off of work to do so.

24. Defendant's alleged reason for terminating Plaintiff's employment was that he had worked a side job the previous week.

25. Defendant's alleged reason for Plaintiff's termination is a mere pretext because Plaintiff had called and received approval for his time off from Cartmell.

26. Plaintiff was terminated because of his race.

27. Defendant did not terminate the employment of Caucasian employees who came in late, called off of work, or worked side jobs.

28. Plaintiff was a non-exempt hourly employee for Defendant.

29. Plaintiff earned between $7.50 per hour (at the date of his hire) and $12.00 per hour (at the time of his termination) at different times during his employment with Defendant.

30. Plaintiff worked over 40 hours in a workweek during many of the weeks for which he worked for Defendant.

31. Defendant did not pay Plaintiff time and a half overtime wages for weeks in which Plaintiff worked over 40 hours in a workweek.

32. Plaintiff has hired the undersigned counsel and agreed to pay them reasonable attorney's fees and costs.

33. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

## COUNT I
## RACE DISCRIMINATION

34. Plaintiff re-alleges each allegation set forth in paragraphs 1-33 above.

35. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Plaintiff because of his race by terminating him.

36. Plaintiff was qualified for his position.

37. Plaintiff suffered an adverse employment action by being terminated from his employment with Defendant.

38. Upon information and belief, Plaintiff was replaced at his job by a Caucasian employee.

39. Defendant's conduct is the proximate cause of Plaintiff's damages.

40. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT II
## RETALIATION

41. Plaintiff realleges each allegation set forth in paragraphs 1-40 above.

42. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(J) and 4112.99.

4

43. Plaintiff engaged in a statutorily protected activity by opposing Defendant's unlawful employment practices.

44. Plaintiff had a reasonable, good faith belief that Defendant was engaging in unlawful employment practices.

45. Plaintiff suffered an adverse employment action by being terminated.

46. The adverse employment action that Plaintiff suffered would be materially adverse to a reasonable employee and would persuade a reasonable worker not to make or support a charge of discrimination.

47. There is a causal link between Plaintiff's protected opposition and his termination.

48. Plaintiff has been damaged by Defendant's retaliation.

49. Defendant's conduct is the cause of Plaintiff's damages.

50. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT III
## HOSTILE WORK ENVIRONMENT

51. Plaintiff re-alleges each allegation set forth in paragraphs 1-50 above.

52. Defendant subjected Plaintiff to a hostile work environment for African American Employees.

53. Plaintiff was terminated because of his race.

54. Plaintiff has been damaged by the race discrimination and hostile work environment.

55. Defendant's conduct is the proximate cause of Plaintiff's damages.

5

56. Defendant acted with actual malice, entitling Plaintiff to punitive damages for his attorney's fees and costs.

## COUNT IV
## UNPAID OVERTIME

57. Plaintiff re-alleges each allegation set forth in paragraphs 1-56 above.

58. Defendant is required to comply with overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

59. Defendant was Plaintiff's employer.

60. Plaintiff regularly worked over 40 hours per week for Defendant.

61. Defendant did not pay Plaintiff time and a half overtime wages for the hours that he worked over 40 in a workweek.

62. Defendant has violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff overtime wages for all hours worked over a regular 40-hour workweek.

63. Defendant's conduct with regard to its failure to pay overtime wages to Plaintiff was willful.

64. Plaintiff has been damaged by Defendant's nonpayment of overtime wages.

65. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

66. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendant for his unpaid overtime wages, liquidated damages, his back pay, reinstatement or front pay, lost wages, lost bonuses, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

___Arthonia Finch___ agrees and consents to become a party plaintiff in this lawsuit.

*[signature: Arthonia M. Finch]*

**EXHIBIT A**

After printing this label:

**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

